IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| TERRY CARDELL REYNOLDS d/b/a LONGHORNVILLE LIMITED, | § § § | **JURY DEMANDED** |
| Defendant. | § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION,
UNFAIR COMPETITION, COUNTERFEITING, AND UNJUST ENRICHMENT**

Plaintiff The Board of Regents of The University of Texas System ("Plaintiff"), appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for trademark infringement, unfair competition, counterfeiting, and trademark dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for trademark infringement and trademark dilution under the Texas Business and Commerce Code; and for trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

## PARTIES

3. Plaintiff is a Texas state agency established for the purpose of governing The University of Texas System. The powers and duties of Plaintiff are set forth generally at Chapter 65 of the Texas Education Code. Plaintiff maintains its principal office at 201 West 7th Street, Austin, Texas 78701.

4. Upon information and belief, Defendant Terry Cardell Reynolds d/b/a Longhornville Limited ("Defendant") is an individual residing at 1918 Nicole Circle #B, Round Rock, Texas 78664.

## FACTS

### A. THE UNIVERSITY AND ITS TRADEMARKS

5. Plaintiff operates a system of world-class universities and related institutions throughout the state of Texas. Plaintiff's flagship academic institution is The University of Texas at Austin ("UT" or the "University").

6. UT was founded in 1883, and is world-renowned for providing outstanding educational services at the college and graduate levels. The University provides educational programs in a broad spectrum of disciplines such as architecture, business, communication, education, engineering, fine arts, law, liberal arts, nursing, pharmacy, sciences, and social work. Many of UT's educational programs consistently rank among the top schools in the United States in their respective fields.

7. In addition to providing high-quality educational services, the University actively participates in many collegiate sports, including football, baseball, basketball, cross-country, golf, rowing, soccer, softball, swimming and diving, tennis, track and field, and volleyball.

8. UT also operates an extensive trademark licensing program, in which it licenses its trademarks and service marks under controlled conditions for use in connection with a wide range of products and services sold to the consuming public. The University's licensed products are extremely popular, and its licensing program has grown to be one of the most successful collegiate licensing programs in the world. UT's school colors are orange and white, and thus its marks and licensed products are typically presented in or on the color orange.

9. In connection with the University's services, and to promote the services through the sale of licensed products, UT has adopted and has long and continuously used the marks TEXAS, TEXAS FIGHT, WE'RE TEXAS, WE ARE TEXAS, TEXAS LONGHORNS, LONGHORNS, LONGHORN BAND, UNIVERSITY OF TEXAS, UNIVERSITY OF TEXAS LONGHORNS, and various other marks incorporating the marks TEXAS, LONGHORNS, and LONGHORN (collectively, the "TEXAS LONGHORNS Marks").

10. The University has also adopted and long and continuously used the famous design marks shown below (collectively, the "Design Marks") in connection with its high-quality educational services and athletics programs, as well as on a wide variety of licensed goods.

         

Longhorn Silhouette Logo    UT Design Mark    HOOK 'EM Hand Symbol    BEVO Design Mark

11. In addition to the famous marks depicted above, the University has also adopted several marks depicting the University's most distinguishing landmark—its iconic, 307-foot tower (the "UT Tower"). Completed in 1937, the famous UT Tower, shown below, has served a

commanding position in Austin and throughout the state of Texas as a symbol of academic excellence and personal opportunity.

 

12. For many years, the University has used various marks depicting the UT Tower, including but not limited to those shown below (the "Tower Marks"), in connection with its educational services, athletics programs, and various licensed products.

 

13. The University's TEXAS LONGHORNS Marks, Design Marks, and Tower Marks (collectively, the "TEXAS Marks") have been extensively used by UT for decades in connection with its educational services, athletics programs, and music programs, as well as on a wide variety of products and services, including clothing apparel (such as t-shirts) and various other accessories (such as towels, decals, and bumper stickers).

14. Fans of UT can purchase a wide variety of licensed products adorned with the TEXAS Marks, including but not limited to those shown below. UT's educational, athletic, and

music programs have been highly successful over the years, and the TEXAS Marks are some of the best known marks in the world of college sports and education.



15. The University's TEXAS Marks are inherently distinctive and serve to identify and indicate the source of the University's products and services to the consuming public.

16. As a result of UT's long use and promotion of the TEXAS Marks, the marks have become distinctive to designate the University, to distinguish the University and its products and

services from those of others, and to distinguish the source or origin of UT's products and services. As a result of these efforts by UT, the consuming public in Texas and throughout the United States widely recognizes and associates the TEXAS Marks with the University.

17. As a result of UT's long use and promotion of the TEXAS Marks, UT has acquired valuable common law rights in the TEXAS Marks.

18. The TEXAS Marks are famous pursuant to 15 U.S.C. § 1125(c) and TEX. BUS. & COM. CODE § 16.103.

19. In accordance with the provisions of federal and state law, the University has registered certain of the TEXAS Marks on the Principal Register of the United States Patent and Trademark Office and with the Texas Office of the Secretary of State. *See, e.g.*, U.S. Reg. Nos. 1,501,265; 1,502,270; 1,340,787; 1,351,805; 1,426,639; 1,996,363; 1,234,940; 1,231,408; 1,342,737; 1,456,574; 3,553,699; 1,876,709; 3,653,888; 3,148,092; 3,858,099; 4,103,969; 4,751,660; and 4,535,612; Tex. Reg. Nos. 38977; 38988; 43880; 43882; and 38974. These registrations are valid, subsisting, and the first thirteen are incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of these registrations are attached hereto as **Exhibit A**.

20. On January 5, 2014, the University announced the hiring of Coach Charlie Strong as the head coach of its football program. In addition, on April 3, 2015, the University announced the hiring of Coach Shaka Smart as the head coach of its men's basketball program. Coach Strong left the football program at the end of 2016.

21. The University has the right to use the name, likeness, image, signature, voice, and other identifiable features of Coach Smart, and has the right to enforce Coach Smart's proprietary rights therein, during his employment with the University.

**B.  DEFENDANT'S INFRINGING ACTIVITIES**

22.  Defendant is operating an online retail store under the design mark shown below-left at longhornville.bigcartel.com, a Facebook page under the design mark shown below-middle at facebook.com/LONGHORNvillecom-175837059132933, a ReverbNation page under the design mark shown below-left at longhornvillecom.reverbnation.com, a Twitter page under the design mark shown below-right at twitter.com/longhornville, and a LinkedIn page under the design mark shown below-right at linkedin.com/in/longhornville-com-texas-aa570a40.

      

(online store and ReverbNation)        (Facebook page)        (Twitter and LinkedIn)

23.  Defendant has also registered the domain names wearetexas.online and texasfight.online.

24.  Through these domain names and pages, as well as offline and previously at longhornville.com, Defendant is using and has used various combinations and variations of the University's TEXAS Marks, including but not limited to TEXAS, TEXAS FIGHT, WE ARE TEXAS, the Longhorn Silhouette Logo, the UT Design Mark, the HOOK 'EM Hand Symbol, and the UT Tower, in connection with the promotion and sale of various products, including but not limited to clothing, accessories, and music. Examples of such uses are shown directly below:













25. Defendant is also using marks confusingly similar to the University's marks and Coach Smart and former Coach Strong's names, such as WE ARE TEXAS, WE ARE SMART, and WE ARE STRONG, on clothing products and accessories, including t-shirts and towels, sold to the public. Examples of such uses are shown directly below:




26.     The names and marks used by Defendant, as identified in paragraphs 22-25, are hereinafter referred to as the "Infringing Marks." Representative printouts showing Defendant's past and present use of the Infringing Marks in connection with the sale and promotion of clothing, accessories, and music are attached hereto as **Exhibit B.**

27.     An employee of Plaintiff's counsel purchased t-shirts and a towel bearing the Infringing Marks through shop.longhornville.com (now at longhornville.bigcartel.com). These products are depicted below, and were received in packages bearing a return address of Longhornville Limited, 105 West Mary St., Austin, Texas, 78704.








28.     Defendant also applied to register the mark TEXAS FIGHT (U.S. Serial No. 85/884,496) with the United States Patent and Trademark Office ("PTO") for "Clothing, namely, t-shirts, shirts, sweatshirts; wristbands; hats, caps" (the "TEXAS FIGHT Application").

29.     After the TEXAS FIGHT Application was refused registration, Defendant filed a Request for Reconsideration. Defendant admitted in the Request that "The University of Texas – a third-party – has been using this expression and term 'Texas Fight' for going on 150 years." Defendant also admitted that consumers would associate the mark TEXAS FIGHT with The University of Texas and its goods and services. Defendant's Request for Reconsideration and the PTO's denial of that request, are attached hereto as **Exhibit C**. The Trademark Trial and Appeal Board affirmed the PTO's refusal of the registration on August 16, 2017.

30.     On March 21, 2017, Defendant applied to register the mark "WE ARE TEXAS!" (U.S. Ser. No. 87/378,647) with the PTO for "Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms" (the "WE ARE TEXAS! Application"). Defendant submitted the shirt shown below as a specimen of use.

-10-



31. On August 22, 2017, Defendant submitted a substitute specimen displaying the mark "WE ARE TEXAS!" and swore under oath that the specimen had been in use in commerce since at least as early as March 21, 2017. The specimen and affidavit are attached hereto as **Exhibit D.**

32. Defendant has used and is using the Infringing Marks in commerce. Defendant's use of the Infringing Marks began long after the University developed rights in the TEXAS Marks, and after the University's TEXAS marks became famous.

33. Defendant is not affiliated with or sponsored by UT and has not been authorized by the University to use the Infringing Marks, the University's TEXAS Marks, Coach Smart's name, or any confusingly similar marks.

34. The University has repeatedly notified Defendant of UT's rights in the TEXAS Marks, and has made numerous attempts to resolve this dispute with Defendant prior to filing this lawsuit. Despite the University's attempts to resolve this matter with Defendant amicably, Defendant has ignored UT's follow-up correspondence, and has not ceased using the Infringing Marks.

C. **EFFECT OF DEFENDANT'S ACTIVITIES**

35. Defendant's unauthorized use of the Infringing Marks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to

some affiliation, connection, or association of Defendant with UT, or as to the origin, sponsorship, or approval of Defendant's goods and services by the University.

36. Defendant's unauthorized use of the Infringing Marks falsely designates the origin of his goods and services, and falsely and misleadingly describes and represents facts with respect to Defendant and his goods and services.

37. Defendant's unauthorized use of the Infringing Marks enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by the University over many years, and to gain acceptance for his goods and services not solely on his own merits, but on the reputation and goodwill of UT, its TEXAS Marks, and its products and services.

38. Defendant's unauthorized use of the famous TEXAS Marks is likely to cause dilution of those marks.

39. Defendant's unauthorized use of the Infringing Marks unjustly enriches Defendant at UT's expense. Defendant has been and continues to be unjustly enriched by obtaining a benefit from the University by taking undue advantage of UT and its goodwill. Specifically, Defendant has taken undue advantage of the University by trading on and profiting from the goodwill in the TEXAS Marks developed and owned by the University, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for his own business.

40. Defendant's unauthorized use of the Infringing Marks removes from UT the ability to control the nature and quality of the products and services provided under the TEXAS Marks, and places the valuable reputation and goodwill of the University in the hands of Defendant, over whom UT has no control.

41. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to UT and to the public for which there is no adequate remedy at law.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

42. Plaintiff repeats the allegations above as if fully set forth herein.

43. The acts of Defendant complained of herein constitute infringement of Plaintiff's federally registered TEXAS Marks in violation of 15 U.S.C. § 1114(1).

44. Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the TEXAS Marks, and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the TEXAS Marks. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT II: FEDERAL UNFAIR COMPETITION

45. Plaintiff repeats the allegations above as if fully set forth herein.

46. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT III: INFRINGEMENT UNDER TEXAS LAW

47. Plaintiff repeats the allegations above as if fully set forth herein.

48. The acts of Defendant complained of herein constitute infringement of Plaintiff's state trademark registrations in violation of Texas Business and Commerce Code § 16.102.

### COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

49. Plaintiff repeats the allegations above as if fully set forth herein.

50. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### COUNT V: COMMON LAW UNFAIR COMPETITION

51. Plaintiff repeats the allegations above as if fully set forth herein.

52. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### COUNT VI: FEDERAL TRADEMARK DILUTION

53. Plaintiff repeats the allegations above as if fully set forth herein.

54. The acts of Defendant complained of herein constitute dilution by blurring and/or by tarnishment of Plaintiff's famous TEXAS Marks in violation of 15 U.S.C. § 1125(c).

55. Defendant willfully intended to trade on the recognition of Plaintiff's famous TEXAS Marks and/or to harm the reputation of the marks.

### COUNT VII: DILUTION UNDER TEXAS LAW

56. Plaintiff repeats the allegations above as if fully set forth herein.

57. The acts of Defendant complained of herein constitute dilution by blurring and/or by tarnishment of Plaintiff's famous TEXAS Marks in violation of Texas Business and Commerce Code § 16.103.

58. Defendant willfully intended to trade on the recognition of Plaintiff's famous TEXAS Marks and/or to harm the reputation of the marks.

### COUNT VIII: UNJUST ENRICHMENT

59. Plaintiff repeats the allegations above as if fully set forth herein.

60. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of UT.

## COUNT IX: FEDERAL TRADEMARK COUNTERFEITING

61. Plaintiff repeats the allegations above as if fully set forth herein.

62. The acts of Defendant complained of herein constitute use of counterfeit marks in advertising and on or in connection with the sale, offering for sale, and distribution of products in commerce.

63. Defendant's use of counterfeit marks was and is willful. Defendant intentionally used and is using the TEXAS Marks knowing he was selling or offering to sell counterfeit products.

64. The acts of Defendant complained of herein constitute trademark counterfeiting in violation of 15 U.S.C. § 1114.

65. Plaintiff has been damaged by Defendant's acts of trademark counterfeiting.

## COUNT X: REFUSAL OF REGISTRATION

66. Plaintiff repeats the allegations above as if fully set forth herein.

67. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant's right to registration of the mark "WE ARE TEXAS!", the subject of U.S. Serial No. 87/378,647.

68. Defendant's mark "WE ARE TEXAS!", the subject of U.S. Serial No. 87/378,647, entirely subsumes Plaintiff's TEXAS and WE ARE TEXAS marks, and will be seen as uniquely and unmistakably identifying Plaintiff.

69. The fame of Plaintiff is such that, should Defendant's mark "WE ARE TEXAS!" be used in connection with Defendant's goods, a connection with Plaintiff would be presumed. Thus, Defendant's application to register the mark "WE ARE TEXAS!" should be refused under 15 U.S.C. § 1052(a).

70.     Further, the mark "WE ARE TEXAS!", the subject of U.S. Serial No. 87/378,647, so resembles Plaintiff's TEXAS and WE ARE TEXAS marks as to be likely to cause confusion, or to cause mistake, or to deceive. Registration should therefore be refused under 15 U.S.C. § 1052(d).

71.     Plaintiff petitions the Court to issue an order certified to the Director of the PTO refusing registration of Defendant's "WE ARE TEXAS" application pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests that:

(a)     Defendant, his officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the Infringing Marks, Plaintiff's TEXAS Marks, Coach Smart's name, and any other mark, name, or design that is confusingly similar to or likely to cause dilution of those marks, names, or designs, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b)     Defendant, his officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all goods, packaging, signage, advertisements, internet postings and advertisements, and any other materials bearing or using the Infringing Marks, Plaintiff's TEXAS Marks, Coach Smart's name, and any other mark, name, or design that is confusingly similar to or likely to cause dilution of those marks, names, or designs;

(c)     Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and

under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(d) Plaintiff recover all damages it has sustained as a result of Defendant's infringement, dilution, counterfeiting, false designations of origin, false or misleading descriptions or representations of fact, unfair competition, and unfair and deceptive business practices and that said damages be trebled;

e) An accounting be directed to determine Defendant's profits resulting from Defendant's activities, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case or trebled under 15 U.S.C. § 1117 as a result of Defendant's counterfeiting;

f) Alternatively, if greater, Plaintiff recover statutory damages under 15 U.S.C. § 1117 as a result of Defendant's counterfeiting;

g) The Court determine that Defendant is not entitled to registration of the mark "WE ARE TEXAS!" that is the subject of U.S. Serial No. 87/378,647, and certify an Order pursuant to 15 U.S.C. § 1119 refusing registration of U.S. Serial No. 87/378,647 to the PTO Director, who shall make appropriate entry upon the records of the PTO and shall be controlled thereby;

h) Plaintiff recover its reasonable and necessary attorney fees;

i) Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

j) Plaintiff recover such other relief as the Court may find appropriate.

## JURY DEMAND

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 28, 2018 | *s/Stephen P. Meleen* |

Stephen P. Meleen
Texas Bar No. 00795776
Jered E. Matthysse
Texas Bar No. 24072226
Alexandra H. Bistline
Texas Bar No. 24092137
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
(512) 322-5200
(512) 322-5201 (facsimile)
smeleen@pirkeybarber.com
jmatthysse@pirkeybarber.com
abistline@pirkeybarber.com

ATTORNEYS FOR PLAINTIFF