FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2018 JUN 29 PM 3: 40

WESTERN DISTRICT TEXAS

BY_____

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | §<br>§<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 1:18-cv-00182-RP |
| TERRY CARDELL REYNOLDS d/b/a LONGHORNVILLE LIMITED, | §<br>§<br>§<br>§ | |
| Defendant. | § | |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Now comes Defendant Terry Cardell Reynolds d/b/a Longhornville Limited, Defendant pro se, and makes and files the following answer and defenses to Plaintiff The Board of Regents of The University of Texas System's Complaint.

### ANSWER

In answer to the Complaint, Defendant denies all allegations in the headings and unnumbered paragraphs of the Complaint, and answers each of the numbered paragraphs of the Complaint as follows:

### NATURE OF ACTION AND JURISDICTION

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore, on that basis, denies those allegations.

2. Defendant admits that the Court has subject matter jurisdiction over claims for trademark infringement, related claims, and supplemental jurisdiction over state law claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1131 and 1338, 28 U.S.C. § 1367(a). Defendant denies any and all remaining allegations in Paragraph 2 of the Complaint.

### PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore, on that basis, denies those allegations.

1

4. Defendant admits that Terry Cardell Reynolds is an individual residing at 5050 Red Sands Court, El Paso, TX 79924. Defendant denies any and all remaining allegations in Paragraph 4 of the Complaint.

## FACTS

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore, on that basis, denies those allegations.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore, on that basis, denies those allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore, on that basis, denies those allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore, on that basis, denies those allegations.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore, on that basis, denies those allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore, on that basis, denies those allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore, on that basis, denies those allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore, on that basis, denies those allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore, on that basis, denies those allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore, on that basis, denies those allegations.

15. Defendant denies the allegations made in Paragraph 15 of the Complaint.

16. Defendant denies the allegations made in Paragraph 16 of the Complaint.

17. Defendant denies the allegations made in Paragraph 17 of the Complaint.

18. Defendant denies the allegations made in Paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore, on that basis, denies those allegations.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore, on that basis, denies those allegations.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore, on that basis, denies those allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore, on that basis, denies those allegations.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore, on that basis, denies those allegations.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore, on that basis, denies those allegations.

25. Defendant denies the allegations made in Paragraph 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore, on that basis, denies those allegations.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore, on that basis, denies those allegations.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore, on that basis, denies those allegations.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore, on that basis, denies those allegations.

30. Defendant admits that on March 21, 2017, he applied to register the mark "WE ARE TEXAS!" which was assigned U.S. Application No. 87/378,647 for use with "Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms." The shirt pictured in paragraph 30 of the Complaint was the specimen of use submitted by Applicant on March 21, 2017. Defendant denies any and all remaining allegations in Paragraph 30 of the Complaint.

31. Defendant admits that he submitted a substitute specimen of use on August 22, 2017, and swore under oath that the specimen had been in use in commerce since at least as early as the filing date of the application. Defendant denies any and all remaining allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations made in Paragraph 32 of the Complaint.

33. Defendant admits that he is not affiliated with or sponsored by the Plaintiff. Defendant denies any and all remaining allegations in Paragraph 33 of the Complaint.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore, on that basis, denies those allegations.

35. Defendant denies the allegations made in Paragraph 35 of the Complaint.

36. Defendant denies the allegations made in Paragraph 36 of the Complaint.

37. Defendant denies the allegations made in Paragraph 37 of the Complaint.

38. Defendant denies the allegations made in Paragraph 38 of the Complaint.

39. Defendant denies the allegations made in Paragraph 39 of the Complaint.

40. Defendant denies the allegations made in Paragraph 40 of the Complaint.

4

41. Defendant denies the allegations made in Paragraph 41 of the Complaint.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

42. Defendant hereby incorporates Paragraphs 1-41 as if fully set forth herein.

43. Defendant denies the allegations made in Paragraph 43 of the Complaint.

44. Defendant denies the allegations made in Paragraph 44 of the Complaint.

## COUNT II: FEDERAL UNFAIR COMPETITION

45. Defendant hereby incorporates Paragraphs 1-44 as if fully set forth herein.

46. Defendant denies the allegations made in Paragraph 46 of the Complaint.

## COUNT III: INFRINGEMENT UNDER TEXAS LAW

47. Defendant hereby incorporates Paragraphs 1-46 as if fully set forth herein.

48. Defendant denies the allegations made in Paragraph 48 of the Complaint.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

49. Defendant hereby incorporates Paragraphs 1-48 as if fully set forth herein.

50. Defendant denies the allegations made in Paragraph 50 of the Complaint.

## COUNT V: COMMON LAW UNFAIR COMPETITION

51. Defendant hereby incorporates Paragraphs 1-50 as if fully set forth herein.

52. Defendant denies the allegations made in Paragraph 52 of the Complaint.

## COUNT VI: FEDERAL TRADEMARK DILUTION

53. Defendant hereby incorporates Paragraphs 1-52 as if fully set forth herein.

54. Defendant denies the allegations made in Paragraph 54 of the Complaint.

55. Defendant denies the allegations made in Paragraph 55 of the Complaint.

## COUNT VII: DILUTION UNDER TEXAS LAW

56. Defendant hereby incorporates Paragraphs 1-55 as if fully set forth herein.

57. Defendant denies the allegations made in Paragraph 57 of the Complaint.

58. Defendant denies the allegations made in Paragraph 58 of the Complaint.

## COUNT VIII: UNJUST ENRICHMENT

59. Defendant hereby incorporates Paragraphs 1-58 as if fully set forth herein.

60. Defendant denies the allegations made in Paragraph 60 of the Complaint.

## COUNT IX: FEDERAL TRADEMARK COUNTERFEITING

61. Defendant hereby incorporates Paragraphs 1-60 as if fully set forth herein.

62. Defendant denies the allegations made in Paragraph 62 of the Complaint.

63. Defendant denies the allegations made in Paragraph 63 of the Complaint.

64. Defendant denies the allegations made in Paragraph 64 of the Complaint.

65. Defendant denies the allegations made in Paragraph 65 of the Complaint.

## COUNT X: REFUSAL OF REGISTRATION

66. Defendant hereby incorporates Paragraphs 1-65 as if fully set forth herein.

67. Defendant admits that this Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant's right to the registration of the mark "WE ARE TEXAS!" Defendant denies any and all remaining allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations made in Paragraph 68 of the Complaint.

69. Defendant denies the allegations made in Paragraph 69 of the Complaint.

70. Defendant denies the allegations made in Paragraph 70 of the Complaint.

71. Defendant denies the allegations made in Paragraph 71 of the Complaint.

## AFFIRMATIVE DEFENSES TO THE COMPLAINT AND TO EACH ALLEGED CLAIM FOR RELEIF STATED THEREIN

As separate affirmative defenses to the Complaint, and to each purported claim for relief stated therein, the Defendant alleges:

### First Affirmative Defense

### (Estoppel)

72. Plaintiff is, by its own conduct and omissions, barred from asserting any claims or damages, or from seeking other relief, from Defendant by the doctrine of estoppel.

### Second Affirmative Defense

### (Laches)

73. Plaintiff's claims are barred by the doctrine of laches.

### Third Affirmative Defense

### (Waiver)

74. Plaintiff, by its actions and/or omissions, knowingly, voluntarily and willingly waived any rights it might otherwise have by the doctrine of waiver.

### Fourth Affirmative Defense
### (Unclean Hands)

75. By virtue of Plaintiff's unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiff should be barred from recovering against Defendant by the equitable doctrine of unclean hands.

### Fifth Affirmative Defense
### (Privilege)

76. Plaintiff's claims are barred or limited, in whole or in part, because Defendant has not engaged in any unlawful or unfair business practices and Defendant's conduct was proper and performed under the competition privilege.

### Sixth Affirmative Defense
### (Defendant's Compliance with Applicable Law)

77. Plaintiff's claims are barred, in whole or in part, because Defendant complied with the applicable statutes, governmental regulations, and/or specifications.

### Seventh Affirmative Defense
### (Fair Use Doctrine)

78. Plaintiff's claims are barred or limited, in whole or in part, because Defendant's use of the marks, if any, was fair use.

### Eighth Affirmative Defense
### (First Sale Doctrine)

79. Plaintiff's claims are barred and/or limited by the "first sale" doctrine.

### Ninth Affirmative Defense
### (Good Faith)

80. Defendant's conduct was at all times undertaken in good faith and without any intent to infringe Plaintiff's purported trademarks.

### Tenth Affirmative Defense
### (Conduct Not Fraudulent)

81. Defendant's business practices are not "fraudulent" within the meaning of the Lanham Act.

## Eleventh Affirmative Defense

## (No Legal Causation)

82. At all times mentioned in Plaintiff's Complaint, Defendant's acts were not a legal cause of damages, if any, to Plaintiff.

## Twelfth Affirmative Defense

## (Proportionate Responsibility)

83. Plaintiff's damages, if any, were proximately caused by the negligence or wrongful conduct of third parties, whether or not parties to this action, and Plaintiff's recovery, if any, should be reduced in proportionate amount for the negligence, or other unlawful conduct of third parties.

## Thirteenth Affirmative Defense

## (Failure to Mitigate Damages)

84. Plaintiff's claims are barred and/or limited by its failure to mitigate its damages.

## DEFENDANT'S COUNTERCLAIMS

Defendant/Counter-Plaintiff Terry Cardell Reynolds d/b/a Longhornville Limited brings these counterclaims against Plaintiff/Counter-Defendant The Board of Regents of The University of Texas System.

## PARTIES

85. Defendant Terry Cardell Reynolds is an individual residing at 5050 Red Sands Court, El Paso, TX 79924.

86. On information and belief, Plaintiff The Board of Regents of The University of Texas System is a Texas state agency established for the purpose of governing The University of Texas System, with a principal office at 201 West 7th Street, Austin, TX 78701.

## JURISDICTION AND VENUE

87. This Court has subject matter jurisdiction over Defendant's trademark counterclaims brought under the Trademark Act of the United States, 15 U.S.C. §§ 1051-1127. Jurisdiction over the trademark counterclaims is pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

88. This Court has personal jurisdiction over Plaintiff because it filed its claims for trademark infringement in this Court, to which Defendant has responded with these counterclaims.

8

89. Venue is established by the parties' presence in this judicial district. 28 U.S.C. §§ 1391 and 1400.

## COUNT I: TRADEMARK INFRINGEMENT

90. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051, *et seq.*). This claim arises from the unauthorized use of the trademark WE ARE TEXAS in the state of Texas and throughout the United States.

91. On March 21, 2017, Defendant applied to register the mark "WE ARE TEXAS!" which was assigned U.S. Application Number 87/378,647.

92. Defendant claims a date of first use in commerce of his "WE ARE TEXAS!" mark of at least as early as January 1, 2014 in connection with "Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms."

93. On or about August 27, 2015, Defendant approached Plaintiff about licensing his "WE ARE TEXAS!" trademark for use with Plaintiff's goods and services.

94. At that moment, Plaintiff expressed no interest in licensing or using Defendant's "WE ARE TEXAS!" trademark.

95. Plaintiff filed U.S. Application Number 87/643,664 on October 12, 2017 for the mark WE ARE TEXAS.

96. Plaintiff claims a date of first use in commerce of the WE ARE TEXAS mark (U.S. Application Number 87/643,664) of May 2015 in connection with "Clothing, namely, tops, shirts, t-shirts, long-sleeved shirts, athletic shirts, polo shirts, tank tops, dresses, jumpers, pullovers, fleece pullovers, sweatshirts, hoodies, hooded sweatshirts, jerseys, uniforms, athletic uniforms, cheerleading dresses and uniforms, jackets, track jackets, bottoms, pants, sweatpants, fleece pants, athletic pants, lounge pants, loungewear, pajamas, sleepwear, leggings, jogging pants, shorts, athletic shorts, gym shorts, skirts, swim wear, bathing suits, swim trunks, headwear, hats, caps being headwear, beanies, infantwear, one piece garments for children, and infant and toddler one piece clothing."

97. The parties' "WE ARE TEXAS!" and WE ARE TEXAS trademarks are both for use in International Class 025.

98. On information and belief, the parties' goods and services are legally identical.

9

99. On December 5, 2017, the United States Patent and Trademark Office issued an office action citing Defendant's "WE ARE TEXAS!" trademark as a bar to registration of the WE ARE TEXAS trademark under Section 2(d) of the Trademark Act. 15 U.S.C. § 1052(d).

100. Plaintiff subsequently initiated an institutional proceeding, a Notice of Opposition, with the United States Patent and Trademark Office's Trademark Trial and Appeal Board on April 4, 2018.

101. Defendant claims an interest in and right to exclusive use of the trademark "WE ARE TEXAS!", and derivations of this trademark in the United States. Thus Defendant, pursuant to 15 U.S.C. § 1125(a), complains of Counter-Defendant The Board of Regents of The University of Texas System's use of this trademark in their sale, offering for sale or services and/or use in commerce of the words WE ARE TEXAS, or any combination thereof. The false designation of origin and/or false and misleading descriptions of fact are likely to cause confusion or deceive customers as to any affiliation, connection, or association Counter-Defendant has with Defendant. These false designations also include any perceived origin, sponsorship or approval by Defendant of Counter-Defendant's goods, services and/or commercial activities.

102. As a consequence of Counter-Defendant's violation of 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act), Defendant is entitled to all of the relief set forth in 15 U.S.C. § 1117.

103. Defendant seeks a permanent injunction against Counter-Defendant to enjoin them from any further violation of Section 43(a) of the Lanham Act by acts as described herein and to be shown at trial.

104. Defendant requests that Counter-Defendant be permanently enjoined from using the trademark WE ARE TEXAS, or any confusingly similar word or phrase, in connection with advertising and promotion, on product labels, in correspondence, as part of a web site, as a metatag, or in any other related commercial activity.

105. Defendant seeks damages from Counter-Defendant to the full extent of the law for its losses due to Counter-Defendant's violation of the Lanham Act.

106. Defendant seeks an award from the Court for pre-judgment and post-judgment interest on all damages, at the maximum rate allowed by law in the State of Texas.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests and prays:

a) That the relief specified in each count above be granted;

b) That Plaintiff take nothing by way of its Complaint and that the Complaint be dismissed with prejudice;

c) That Defendant recover all damages it has sustained as a result of Counter-Defendant's infringement, false designations or origin, false or misleading descriptions or representations of fact, unfair competition, and unfair and deceptive business practices;

d) That the Court determine that Counter-Defendant is not entitled to registration of the mark WE ARE TEXAS that is the subject of U.S. Application No. 87/643,664, and certify an Order pursuant to 15 U.S.C. § 1119 refusing registration of U.S. Application No. 87/643,664 to the USPTO Director, who shall make appropriate entry upon the records of the USPTO and shall be controlled thereby;

e) That judgment be entered against Plaintiff and in favor of the Defendant;

f) That the Court order an award of attorney's fees and costs to Defendant; and

g) For such other and further relief as the Court deems just and proper.

Date: June 29, 2018

Terry Cardell Reynolds

Address:
5050 Red Sand Court
El Paso, TX 79924
Phone:

11

## CERTIFICATE OF SERVICE

I, TERRY CARDELL REYNOLDS, Defendant pro se, do here by certify that on the

_____29th_____ Day of __June__ , 20 _18_ , a true and correct copy of the foregoing

answer was forwarded to Stephen P. Meleen, the attorney for Plaintiff by U.S. Mail at the

following address:

Pirkey Barber PLLC
600 Congress Avenue
Suite 2120
Austin, TX 78701

By:_____

Terry Cardell Reynolds

Dated: _61/29_ ____, 2018