FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS 20 JUN -5 PM 4:48
AUSTIN DIVISION

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

THE BOARD OF REGENTS OF THE §
UNIVERSITY OF TEXAS SYSTEM, §
PLAINTIFF, §
§
V. §    CAUSE NO. 1:18-CV-182-LY
§
§
TERRY CARDELL REYNOLDS, §
DEFENDANT. §

## FINAL JUDGMENT

On September 18, 2019, the court adopted a report and recommendation of the magistrate judge that contained certain findings of fact and conclusions of law relevant to this case (Doc. #81). On May 21, 2020, the court rendered additional findings and conclusions (Doc. #120).

Pending before the court are Defendant Terry Cardell Reynolds's Notice of Motion to Dismiss Counts I, IX, and X of Plaintiff's First Amended Complaint that includes a motion to dismiss filed February 10, 2020 (Doc. #116), Plaintiff The Board of Regents of the University of Texas System's[1] response filed February 24, 2020 (Doc. #117), and Reynolds's reply filed March 6, 2020 (Doc. #118). The court's Scheduling Order (Doc. #29) required dispositive motions to be filed on or before June 26, 2019. On June 4, 2019, the magistrate judge extended the deadline to file dispositive motions to July 26, 2019 (Doc. #51). There is no agreement to extend the filing deadline beyond July 26, 2019. **IT IS ORDERED** that Reynolds's motion is **DENIED**.

Also pending is the University's motion to dismiss counts VI through IX of its first amended complaint, filed June 3, 2020 (Doc. #121). The University seeks to voluntarily dismiss certain claims it makes against Reynolds.

---

[1] Plaintiff The Board of Regents of the University of Texas System is referred to herein as the "University."

The University's motion is **GRANTED**. Counts VI, VII, VIII, and IX of the University's first amended complaint are **DISMISSED WITH PREJUDICE**.

Based on all of the court's findings and conclusions, the court now renders this Final Judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS ORDERED** that Reynolds, his agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, are permanently **ENJOINED AND RESTRAINED** from using the Infringing Marks (as defined below), The University's TEXAS Marks (as defined below), coach Charlie Strong's name, coach Shaka Smart's name, and any other mark, name, or design that is confusingly similar to those marks, names or designs (including, without limitation, the mark TEXAS in connection with any of the University's marks), and from any attempt to retain any part of the goodwill misappropriated from the University.

**IT IS FURTHER ORDERED** that Reynolds, his agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, are required to deliver up and destroy all goods, packaging, signage, advertisements, Internet postings and advertisements, domain name registrations (including but not limited to the registrations for wearetexas.us and wearetexas.online), and any other materials bearing or using the Infringing Marks, the University's TEXAS Marks, coach Strong's name, coach Smart's name, and any other mark, name, or design that is confusingly similar to those marks, names or designs (including, without limitation, the mark TEXAS in connection with any of the University's marks).

**IT IS FURTHER ORDERED** that Reynolds shall file with this court and serve upon the University **not later than July 6, 2020,** a report in writing and under oath setting forth in detail the manner and form in which Reynolds has complied with the preceding two paragraphs.

2

**IT IS FURTHER ORDERED AND DECLARED** that Reynolds is not entitled to registration of the mark "WE ARE TEXAS!" that is the subject of U.S. Ser. No. 87/378,647 and, therefore, pursuant to 15 United States Code Section 1119, the Director of the U.S. Patent and Trademark Office shall refuse registration of U.S. Ser. No. 87/378,647.

**IT IS FURTHER ORDERED AND DECLARED** that Reynolds is not entitled to registration of the mark "WE ARE TEXAS!" that is the subject of Tex. Reg. No. 802989018 because Reynolds is not the owner of the mark and, therefore, pursuant to Texas Administrative Code Section 93.143, Tex. Reg. No. 802989018 is hereby **CANCELLED**.

**IT IS FURTHER ORDERED** that Reynolds shall pay over his profits in the amount of $1246.03 to the University pursuant to Title 15 United States Code Section 1117(a).

**IT IS FURTHER ORDERED** that, because this is an exceptional case as defined by the Lanham Act, the University shall recover its reasonable attorney's fees from Reynolds. *See* 15 U.S.C. § 1117(a). In seeking fees, the University shall follow the procedure set forth in the Federal Rules of Civil Procedure and the local rules of this court. *See* Fed. R. Civ. P. 54(d)(2); Loc. R. W.D. Tex. CV-7(j).

**IT IS FURTHER ORDERED** that the University shall recover the costs of this action, pursuant to 15 U.S.C. § 1117(a) and Federal Rule of Civil Procedure 54(d)(1).

**IT IS FINALLY ORDERED** that this case is **CLOSED**.

<u>Definitions</u>

The term "Infringing Marks" as used in this Final Judgment means:

• LONGHORNVILLE

• LONGHORN-VILLE

• TEXAS FIGHT

• WE ARE TEXAS

• "WE ARE TEXAS!"

• WE ARE SMART, WE ARE TEXAS, WE ARE STRONG

• WE ARE STRONG

• The domain names wearetexas.online and wearetexas.us

• The below infringing designs:

  

(online store and ReverbNation)        (Facebook page)        (Twitter and LinkedIn)

  

 
















The term "Plaintiff's TEXAS Marks" as used in this Final Judgment means:

- TEXAS FIGHT
- WE'RE TEXAS
- WE ARE TEXAS
- TEXAS LONGHORNS
- LONGHORNS
- LONGHORN BAND
- UNIVERSITY OF TEXAS
- UNIVERSITY OF TEXAS LONGHORNS
- UT
- BEVO
- HOOK 'EM HORNS
- HOOK 'EM
- University of Texas Design Marks (shown below)

   

| Longhorn Silhouette Logo | UT Design Mark | HOOK 'EM Hand Symbol | BEVO Design Mark |

 

SIGNED this __5th__ day of June, 2020.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

7